

# Federal Public Defender
## Northern District of Texas

---

| | | |
|---|---|---|
| **JASON D. HAWKINS**<br>**Federal Public Defender**<br><br>**JOHN NICHOLSON**<br>**First Assistant** | 525 GRIFFIN STREET<br>SUITE 629<br>DALLAS, TEXAS 75202<br><br>PHONE (214) 767-2746<br>FAX (214) 767-2886 | 819 TAYLOR STREET<br>ROOM 9A10<br>FORT WORTH TX 76102-4612<br>817/978-2753<br><br>1205 TEXAS AVENUE<br>ROOM 506<br>LUBBOCK, TX 79401<br>806/472-7236<br><br>500 S. TAYLOR<br>SUITE 110<br>AMARILLO, TX 79101<br>806/324-2370 |

June 16, 2022

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

    **Re:   Fed. R. App. P. 28(j) letter,**
             ***Bess v. Lumpkin*, No. 20-70006**

Dear Mr. Cayce:

    The Court should reject the Director's argument that Mr. Bess's IATC-Guards and IATC-Mitigation claims "fail as a matter of law" under *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022).

    First, the argument is premature at the COA stage. Under recent precedent, this Court must first issue a COA before addressing the district court's refusal to permit discovery or an evidentiary hearing. *United States v. Davis*, 971 F.3d 524, 534 (5th Cir. 2020).

    Second, the Director's argument fails on its merits. Section 2254(e)(2) does not bar new evidence if "the prisoner undertakes his own diligent search for evidence" in state court. *Williams v Taylor*, 529 U.S. 420, 435 (2000). Here, state habeas counsel performed deficiently by failing to plead the IATC-Guards claim, as the state court record contained information sufficient to put counsel on notice of the claim's

1

potential merit. Despite the failure to present this claim, there are indications state habeas counsel made efforts to speak with some of the guards to develop additional information but was met with resistance and hesitancy. *See, e.g.*, ROA.1037, 1039–30, 1902.[1] Likewise, the record indicates that state habeas counsel attempted to develop mitigation evidence. *See, e.g.*, ROA.1866–70. Because state habeas counsel attempted to develop the factual bases of these two claims, § 2254(e)(2) does not preclude additional factual development.

Finally, because the state did not reveal the errors in its DNA analysis until after the conclusion of the state habeas proceedings, Mr. Bess did not "fail to develop the factual basis" of those claims in state court. Moreover, Mr. Bess has sought a *Rhines* stay precisely so that he can develop his DNA claims in state court. *Ramirez* simply does not implicate the DNA claims.

Mr. Bess will brief the impact of *Ramirez* in additional detail after the Court grants COA or in any supplemental briefing the Court desires.

---

[1] Page 27 of Mr. Bess's reply brief incorrectly states that state habeas counsel did not attempt interview to the guards. While state habeas counsel did not attempt to interview Johnny Mahone, interviews of other guards were attempted. Mr. Bess's counsel regrets this error.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

JEREMY SCHEPERS
Supervisor, Capital Habeas Unit

*/s/ David Currie*
David Currie
Assistant Federal Defender
Sarah Hillier
Assistant Federal Defender
Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
David_Currie@fd.org
Sadie_Hillier@fd.org

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH ECF FILING STANDARDS

I hereby certify that on June 16, 2022, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, which will send notification of such filing to all counsel in this case at their e-mail addresses on file with the Court. Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ David Currie*
David Currie

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 28(j), the body of the attached letter contains 350 words.

*/s/ David Currie*
David Currie

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing letter has been served electronically to Erich Dryden, counsel for Respondent-Appellee, on this, the 16th day of June, 2022.

*/s/ David Currie*
David Currie